IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RIMS BARBER, CAROL BURNETT, JOAN BAILEY,
KATHERINE ELIZABETH DAY, ANTHONY LAINE
BOYETTE, DON FORTENBERRY, SUSAN GLISSON,
DERRICK JOHNSON, DOROTHY C. TRIPLETT,
RENICK TAYLOR, BRANDIILYNE MANGUM-DEAR,
SUSAN MANGUM, and JOSHUA GENERATION
METROPOLITAN COMMUNITY CHURCH                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:16cv417-CWR-LRA

PHIL BRYANT, GOVERNOR OF MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL OF MISSISSIPPI;
RICHARD BERRY, EXECUTIVE DIRECTOR OF THE
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES;
and JUDY MOULDER, MISSISSIPPI STATE REGISTRAR
OF VITAL RECORDS                                                  DEFENDANTS

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

COME NOW, Defendants, Phil Bryant, Governor of Mississippi, Jim Hood, Attorney General of Mississippi, Richard Berry, Executive Director of the Mississippi Department of Human Services, and Judy Moulder, Mississippi State Registrar of Vital Records, and submit this their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction as follows:

1. Plaintiffs' Motion for Preliminary Injunction argues that H.B. 1523 violates the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment and seeks an immediate preliminary injunction prohibiting enforcement of H.B. 1523.

2. To justify the extraordinary relief of a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) substantial threat of an irreparable injury

1

without the relief; (3) threatened injury that outweighs the potential harm to the party enjoined; and (4) that granting the preliminary relief will not disserve the public interest. *Tex. Med. Providers Performing Abortion Servs. V. Lakey*, 667 F.3d 570 574 (5th Cir. 2012). A movant must "clearly establish each of the traditional four preliminary injunction elements." *DSC Commc'n. Corp. v. DGI Techn., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

3. As a threshold matter, Plaintiffs' cannot demonstrate a "substantial likelihood of success on the merits" as they do not have standing to bring either their Establishment Clause or Equal Protection Clause claims. Plaintiffs cannot show that they have suffered the requisite injury for standing purposes and even if they could, their "injuries" are not "fairly traceable" to these Defendants and would not be redressed by enjoining them.[1]

4. Even if Plaintiffs could establish standing to bring their claims, they still cannot show that H.B. 1523 is facially unconstitutional. H.B. 1523 does not bar Plaintiffs from getting married, exercising any right associated with marriage, or holding or living by whatever moral or religious beliefs they see fit.[2] By its terms, H.B. 1523 is an accommodation law intended to convey the strongest protection for the "free exercise of religious beliefs and moral convictions" permitted by the state and federal constitutions. H.B. 1523 is about the people of conscience who need the

---

[1] Recognizing the hypothetical nature of their injury claims, Plaintiffs resort to a "fall-back" position alleging that the mere existence of this law "stigmatizes" thereby giving rise to their equal protection challenge. However, the Supreme Court long ago rejected this type of generalized stigmatic injury. Instead, the Court said "[t]he stigmatic injury thus requires identification of some concrete interest with respect to which [plaintiffs] **are personally subject to discriminatory treatment**. That interest must independently satisfy the causation requirement of standing doctrine." *Allen v. Wright*, 468 U.S. 737, 795 n.22 (1984) (emphasis supplied).

[2] H.B. 1523 expressly provides that in the event of a recusal by a clerk, the issuance of the marriage license shall not be impeded or delayed thereby preventing the very kind of discrimination that Plaintiffs claim will result from the law.

protection of H.B. 1523. Protection of free conscience and the Free Exercise of religion are not only legitimate governmental interests, they are compelling governmental interests. H.B. 1523 is constitutional as a reasonable accommodation for the protection of people holding moral and religious beliefs – even though Plaintiffs find those beliefs offensive or repugnant.

5. Even if Plaintiffs' could some how demonstrate a "substantial likelihood of success on the merits", as stated above their alleged injuries are hypothetical in nature and prevent Plaintiffs from demonstrating the type of imminent harm that is the hallmark of the extraordinary remedy of a preliminary injunction.

6. Defendants further relies on the Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction being filed simultaneously herewith.

**WHEREFORE**, Defendants respectfully request that the Court deny Plaintiffs' Motion for Preliminary Injunction.

This the 17th day of June, 2016.

        PHIL BRYANT, GOVERNOR OF MISSISSIPPI; JIM HOOD, ATTORNEY GENERAL OF MISSISSIPPI; JOHN DAVIS, EXECUTIVE DIRECTOR OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES; and JUDY MOULDER, MISSISSIPPI STATE REGISTRAR OF VITAL RECORDS

        BY: /s/Paul E. Barnes
             Paul E. Barnes (Bar No. 99107)
             Mississippi Attorney General's Office
             Civil Litigation Division
             P.O. Box 220
             Jackson, MS 39205
             Telephone: (601) 359-3680
             Facsimile: (601) 359-2003

*Counsel for Defendants Attorney General Jim Hood and State Registrar Moulder*

/s/Tommy D. Goodwin
Tommy D. Goodwin (Bar No. 100791)
Ms. Bar No. 100791
Civil Litigation Division
P.O. Box 220
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
tgood@ago.state.ms.us

*Counsel for Defendants Governor Phil Bryant and Executive Director John Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system which transmitted a copy to all counsel of record.

THIS, the 17th day of June, 2016.

/s/Paul E. Barnes
Paul E. Barnes