IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RIMS BARBER, CAROL BURNETT, JOAN BAILEY,
KATHERINE ELIZABETH DAY, ANTHONY LAINE
BOYETTE, DON FORTENBERRY, SUSAN GLISSON,
DERRICK JOHNSON, DOROTHY C. TRIPLETT,
RENICK TAYLOR, BRANDIILYNE MANGUM-DEAR,
SUSAN MANGUM, and JOSHUA GENERATION
METROPOLITAN COMMUNITY CHURCH,

    Plaintiffs,

v.                                                                  Civil Action No. 3:16-cv-417-CWR-LRA

PHIL BRYANT, GOVERNOR OF MISSISSIPPI;
JIM HOOD, ATTORNEY GENERAL OF MISSISSIPPI;
JOHN DAVIS, EXECUTIVE DIRECTOR OF THE
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES;
and JUDY MOULDER, MISSISSIPPI STATE REGISTRAR
OF VITAL RECORDS,

    Defendants.

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a federal constitutional challenge to House Bill 1523 of the 2016 Session of the Mississippi Legislature. With the passage and approval of that bill, the Legislature and the Governor breached the separation of church and state, and specifically endorsed certain narrow religious beliefs that condemn same-sex couples who get married, condemn unmarried people who have sexual relations, and condemn transgender people. By endorsing and providing exclusive protection for those beliefs, H.B. 1523 violates the First and the Fourteenth Amendments to the United States Constitution. This lawsuit seeks

declaratory and injunctive relief. Unless this Court issues a preliminary injunction, this unconstitutional statute will take effect July 1, 2016.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 42 U.S.C. § 1983. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper under 28 U.S.C. § 1391(b)(1)-(2) as relevant acts and omissions occurred, and one or more of the defendants reside, within the Southern District of Mississippi.

## PARTIES

### *Plaintiffs*

4.  The Rev. Dr. Rims Barber is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. He is the director of the Mississippi Human Services Coalition and an ordained Presbyterian minister.

5.  The Rev. Carol Burnett is an adult resident citizen of Jackson County, Mississippi and of the City of Ocean Springs. She is an ordained Methodist minister.

6.  Joan Bailey is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. She is a retired therapist with a practice largely devoted to lesbian women.

7.  Katherine Elizabeth Day is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. She is an artist and activist. She is a transgender woman.

8. Anthony ("Tony") Laine Boyette is an adult resident citizen of Harrison County, Mississippi. He is a transgender man.

9. The Rev. Don Fortenberry is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. He is an ordained Methodist minister and the retired Chaplain of Millsaps College.

10. Dr. Susan Glisson is an adult resident citizen of Lafayette County Mississippi and of the City of Oxford. She is the Senior Fellow on Reconciliation and Founding Director of the William Winter Institute for Racial Reconciliation at the University of Mississippi. She is an unmarried woman in a long-term romantic relationship with an unmarried man that includes sexual relations.

11. Derrick Johnson is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. He is the Executive Director of the Mississippi State Conference of the NAACP.

12. Dorothy C. Triplett is an adult resident citizen of Hinds County, Mississippi and of the City of Jackson. She is a retired state and municipal government employee and a longtime community and political activist.

13. Renick Taylor is an adult resident citizen of Harrison County, Mississippi and of the City of Biloxi. He is a political activist and a Field Engineer at CBIZ Network Solutions. He is a gay man and is engaged to be married to his male partner. The couple plans to marry during the summer of 2017.

14. Brandiilyne Mangum-Dear (aka Brandiilyne Irvin) is an adult resident citizen of Forrest County, Mississippi and of the City of Hattiesburg. She is the Pastor at the Joshua Generation Metropolitan Community Church in Hattiesburg, Mississippi. She is a lesbian woman who has been married to her partner, Susan Mangum, since 2015.

15. Susan Mangum is an adult resident citizen of Forrest County, Mississippi and of the City of Hattiesburg. She is the Director of Worship at the Joshua Generation Metropolitan Community Church in Hattiesburg, Mississippi. She is a lesbian woman who has been married to her partner, Brandiilyne Mangum-Dear, since 2015.

16. The Joshua Generation Metropolitan Community Church is an inclusive ministry located in Forrest County, Mississippi, in the City of Hattiesburg, that welcomes all people regardless of age, race, sexual orientation, gender identity, or social status. The church sponsors a number of ministries, including a community service ministry that promotes LGBT+ equality. The Church's membership includes a number of people who are within the three groups that are targeted by Section 2 of H.B. 1523 – same-sex couples who are married or intend to marry, unmarried people engaged in relationships that include sexual relations, and transgender people.

17. Each of the individual plaintiffs is a citizen, resident, and taxpayer of the State of Mississippi.

18. Because of the enactment by the Legislature and the Governor of H.B. 1523, including its endorsement of the religious beliefs and moral convictions set forth in H.B. 1523, each of the plaintiffs has been confronted with that endorsement. Each of the plaintiffs has read and become familiar with the text of H.B. 1523. Each has been exposed

to the intense controversy surrounding the bill and has followed much of the extensive media coverage. Each is aware that, unless enjoined, H.B. 1523 will become the law of the State of Mississippi on July 1, 2016.

19. The plaintiffs do not subscribe to any of the religious beliefs and moral convictions that are endorsed in Section 2 of H.B. 1523 and that are given special protection by H.B. 1523. The plaintiffs disagree with those beliefs and convictions and are offended by the State's endorsement and special protection of them. The endorsement and special protection of those beliefs and convictions conveys a state-sponsored message of disapproval and hostility to those who do not share those beliefs and convictions, including the plaintiffs and many other Mississippians, and indicates that their status is disfavored in the social and political community of their own home state. At the same time, the endorsement and special protection of those beliefs and convictions sends a message to Mississippians who do share those beliefs and convictions that they are favored members of the social and political community.

20. As mentioned previously, Plaintiff Renick Taylor is a gay man who is engaged to be married to his male partner, and Plaintiff Brandiilyne Mangum-Dear and Plaintiff Susan Mangum are a married lesbian couple. Their relationships and marriages are contrary to the State's endorsement in H.B. 1523 of the belief and conviction that "Marriage is or should be recognized as the union of one man and one woman." That endorsement and the special protection of that belief and conviction sends a state-sponsored message of disapproval and hostility to these particular plaintiffs and to other

gay and lesbian citizens of Mississippi, indicating that the status is disfavored in the social and political community of their own home state.

21. As mentioned previously, Plaintiff Dr. Susan Glisson is an unmarried woman in a long-term romantic relationship with an unmarried man that includes sexual relations. This is contrary to the State's endorsement in H.B. 1523 of the belief and conviction that "Sexual relations are properly reserved to … a marriage [between one man and one woman]." That endorsement and the special protection of that belief and conviction sends a state-sponsored message of disapproval and hostility to Dr. Susan Glisson and other unmarried adult citizens of Mississippi who are involved in sexual relationships, indicating that their status is disfavored in the social and political community of their own home state.

22. As mentioned previously, Plaintiff Katherine Elizabeth Day is a transgender woman and Plaintiff Tony Boyette is a transgender man. This is contrary to the State's endorsement in H.B. 1523 of the belief and conviction that "Male (man) or female (woman) refer to an individual's immutable biological sex as objectively determined by anatomy and genetics at the time of birth." That endorsement and the special protection of that belief and conviction sends a state-sponsored message of disapproval and hostility to Katherine Elizabeth Day, Tony Boyette, and other transgender citizens of Mississippi, indicating that their status is disfavored in the social and political community of their own home state.

### *Defendants*

23. Phil Bryant is the Governor of the State of Mississippi. After the Legislature passed H.B. 1523, he signed it into law. Thus, he is one of those responsible for its enactment. He is the chief executive officer of the State and has oversight of the executive branch of state government. H.B. 1523 prohibits all state officials, including the Governor and those who work in the executive branch of state government, from taking certain actions against people and religious organizations who subscribe to the religious beliefs and moral convictions set forth in Section 2 of the bill and who receive special privileges and exemptions as a result. If the bill is unconstitutional, an injunction should be issued directing the Governor not to abide by the prohibitions and restrictions contained in the bill and not to provide those people and religious organizations with special privileges and exemptions that no one else receives.

24. Jim Hood is the Attorney General of the State of Mississippi. He is the chief law enforcement officer of the State. H.B. 1523 prohibits all state officials, including the Attorney General, from taking certain actions against people and religious organizations who subscribe to the religious beliefs and moral convictions set forth in Section 2 of the bill and who receive special privileges and exemptions as a result. If the bill is unconstitutional, an injunction should be issued directing the Attorney General not to abide by the prohibitions and restrictions contained in the bill and not to provide those people and religious organizations with special privileges and exemptions that no one else receives.

25. John Davis is the Executive Director of the Mississippi Department of Human Services (DHS). H.B. 1523 prohibits all state officials, including the Executive Director and the other employees of the DHS, from taking certain actions against people and religious organizations who subscribe to the religious beliefs and moral convictions set forth in Section 2 of the bill and who receive special privileges and exemptions as a result. If the bill is unconstitutional, an injunction should be issued directing the Executive Director of the DHS not to abide by the prohibitions and restrictions contained in the bill and not to provide those people and religious organizations with special privileges and exemptions that no one else receives.

26. Judy Moulder is the Mississippi State Registrar of Vital Records. Under Section 8 of H.B. 1523, she is required to receive and record recusal notices from clerks, registers of deeds, and the deputies of both who subscribe to the religious beliefs and moral convictions that are endorsed in Section 2 and who are thereby granted the option of recusing themselves from providing marriage licenses to those who are disfavored under H.B. 1523. If the bill is unconstitutional, an injunction should be issued to the Registrar of Vital Records directing her not to record the recusal notices that she is otherwise required to collect under the bill.

27. All defendants are sued in their official capacities

## FACTUAL ALLEGATIONS

28. The text of Section 2 of H.B. 1523 provides as follows:

The sincerely held religious beliefs or moral convictions protected by this act are the belief or conviction that:

8

>> (a) Marriage is or should be recognized as the union of one man and one woman;
>>
>> (b) Sexual relations are properly reserved to such a marriage; and
>>
>> (c) Male (man) or female (woman) refer to an individual's immutable biological sex as objectively determined by anatomy and genetics at time of birth.

29.     H.B. 1523 provides a number of protections exclusively for people and religious organizations who subscribe to the religious beliefs and moral convictions set forth in Section 2. These protections include immunity from certain actions by the state government. Without listing all of them, here are some examples:

   a.    Section 3(1) of the bill purports to prohibit the state government from taking action against any "religious organization" for certain actions if they are "based upon or in a manner consistent with a sincerely held religious belief or moral conviction described in Section 2 of this act."   Section 9(4) defines "religious organization" to include (among other things) a "house of worship," a "religious group … ministry … or similar entity," and an "officer, owner, employee, manager, religious leader, clergy or minister" of any house or worship or religious group, ministry, or similar entity. Plaintiffs Barber, Burnett, Fortenberry, Mangum-Dear, Mangum, and the Joshua Generation Metropolitan Community Church are "religious organizations" (as that phrase is defined in the bill) who are not accorded the purported rights provided by Section 3(1) to "religious organizations" that subscribe to the beliefs and convictions endorsed by H.B. 1523.

   b.    Section 3(3) of the bill purports to prohibit the state government from taking action against a person who has been granted custody of a foster or adoptive child and who

instructs or raises that child "consistent with a sincerely held religious belief or moral conviction described in Section 2 of this Act." Presumably, this would mean that even if something about the particular circumstances of the raising of a particular foster or adoptive child in a particular home "consistent with" the beliefs and convictions endorsed by Section 2 was so harmful that action otherwise would be taken to remove the child, the state government would be prohibited from doing so.

    c.    Section 3(4) of the bill purports to prohibit (among other things) the state government from taking action against a person for declining to provide psychological or counseling services "based upon a sincerely held religious belief or moral conviction described in Section 2 of this act," and presumably would preclude the state government from requiring a psychologist or counselor paid with public funds to provide services to a transgender youth if the psychologist or counselor refuses to do so based upon the beliefs and convictions endorsed in Section 2(c) of the bill.

    d.    Section 3(6) of the bill purports to prohibit the state government from taking action against a person who "establishes sex-specific standards or policies concerning employees or student dress or grooming" based upon the beliefs and convictions endorsed in Section 2(c) of the bill.

    e.    Section 3(7) purports to give state employees special protection regarding their speech so long as that speech is "consistent with a sincerely held religious belief or moral conviction described in Section 2 of this act." Plaintiff Susan Glisson is an employee of the State of Mississippi, but because she does not subscribe to the religious beliefs and moral convictions that are endorsed in Section 2, she is not entitled to the special protection

10

that Section 3(7) purports to give to state employees who do subscribe to those beliefs and convictions.

      f.      Section 3(8)(a) allows individual clerks, registers of deeds, and their deputies, all of whom are government employees, to refuse to issue marriage licenses to couples if they do so "based upon or in a manner consistent with a sincerely held religious belief or moral conviction described in Section 2 of this act" and if they take all necessary steps to ensure that the licensing of any legally valid marriage is not impeded or delayed by their recusal. Section 3(8)(b) allows individual judges – even those who otherwise perform weddings for anyone who has a license – to refuse to perform weddings of couples "based upon or in a manner consistent with a sincerely held religious belief or moral conviction described in Section 2 of this act." This section allows clerks and judges who hold either of the first two religious beliefs or moral convictions endorsed in Section 2 of the bill to refrain from facilitating marriages between same-sex couples and couples who have engaged in sexual relations before being married. The statute may also extend to people who are divorced and wish to subsequently marry other people: a clerk or judge's strongly held religious belief or moral conviction that a marriage is "between one man and one woman" may regard any marriage as eternal, regardless of civil laws, making subsequent marriages bigamous.

      g.      Section 4(a)-(e) limits the State's ability to make decisions about taxes, benefits, and fines with respect to those people and religious organizations who subscribe to the beliefs and convictions endorsed in Section 2 and engage in the actions described in Section 3 of the bill.

h. Section 5 purports to give people who subscribe to the beliefs and convictions endorsed in Section 2 the right to raise those beliefs and convictions as a claim in the courts for violations of the provisions of the bill, and to raise violations of the bill as a defense in any judicial or administrative proceeding.

i. Section 8(3) of the bill purports to prevent any agency or subdivision of the state government, presumably including any county or municipality, from adopting an ordinance, regulation, or policy that would be contrary to the provisions of the bill. Presumably, this means that a municipality which adopted an ordinance prohibiting businesses from discriminating against people based upon their sexual orientation would nevertheless be unable to enforce that ordinance against businesses that declined to provide marriage-related accommodations, facilities, goods, and services to same-sex couples based upon the religious beliefs and moral convictions endorsed in Section 2 of the bill.

30. To reiterate, the examples just listed are not an exhaustive catalogue of the provisions of the bill.

31. H.B. 1523 was clearly enacted for religious purposes, specifically the promotion, endorsement, and special protection of the narrow religious beliefs and moral convictions explicitly set forth in Section 2 of the bill. Each of the provisions of H.B. 1523 – and the bill as a whole – promote, endorse, and protect these specific religious beliefs and moral convictions.

32. H.B. 1523 is not a permissible government accommodation of religion. In 2014, the State of Mississippi enacted the Mississippi Religious Freedom Restoration Act (MS RFRA), Miss. Code Ann. § 11-61-1. To the extent government accommodation is

required for the religious beliefs that are endorsed and given special protection by Section 2 of H.B. 1523, those beliefs were already sufficiently protected by MS RFRA in a manner which did not specifically endorse and give special status and exclusive protection to certain particular religious beliefs.

33.     H.B. 1523 specifically targets for disfavor and unequal treatment, and is the result of animus towards, the particular groups of people who are condemned in Section 2 of the bill – same sex couples who are married and who will marry in the future, unmarried people who engage in sexual relations, and transgender people.  The statute also targets for disfavor and unequal treatment, and is the result of animus towards, those who do not subscribe to the beliefs and convictions endorsed in Section 2.  There is no rational basis for this discriminatory treatment of those who are disfavored by H.B. 1523, and there is no rational basis for endorsing and providing special protections exclusively for those who subscribe to the narrow religious beliefs and moral convictions set forth in Section 2 of H.B. 1523, to the disfavor of those who do not.

34.     Paragraphs 18-22 of this complaint describe some of the other harms faced by the plaintiffs as a result of the enactment of H.B. 1523.

35.     Unless it is enjoined by this Court, H.B. 1523's endorsement and special protection of the religious beliefs and moral convictions set forth in Section 2 of the bill will become the law of the plaintiffs' home state on July 1, 2016.  Thus, the harms faced by the plaintiffs and other Mississippians who do not share those favored religious beliefs and moral convictions is imminent.

## VIOLATIONS

36. H.B. 1523, which endorses certain specific religious beliefs and moral convictions, which purports to provide certain protections for people and religious organizations which subscribe to those beliefs and convictions, and which was enacted for religious purposes, violates the Establishment Clause of the First Amendment to the United States Constitution.

37. By singling out for special protection only those who subscribe to the religious beliefs and moral convictions set forth in Section 2 of the bill, and disfavoring those who do not, H.B. 1523 violates the Free Speech Clause of the First Amendment.

38. By singling out for special protection only those who subscribe to the religious beliefs and moral convictions set forth in Section 2 of the bill, and by disfavoring those who do not, H.B. 1523 violates the Equal Protection Clause of the Fourteenth Amendment.

39. By targeting same-sex couples who are married or may marry in the future, unmarried people who engage in sexual relations, and transgender people, and by endorsing the religious views and moral convictions that condemn those targeted groups, H.B. 1523 violates the Equal Protection Clause of the Fourteenth Amendment.

## REQUEST FOR RELIEF

Accordingly, this Court should grant the following relief:

a. Issue a declaratory judgment that H.B. 1523 is unconstitutional;

    b. Issue a preliminary and permanent injunction prohibiting enforcement of H.B. 1523;

    c. Award plaintiffs their reasonable costs and attorneys' fees;

    d. Issue such other relief as is appropriate.

June 23, 2016                                             Respectfully submitted,

                                                           s/ Robert B. McDuff
ROBERT B. MCDUFF, MSB # 2532
SIBYL C. BYRD, MSB # 100601
JACOB W. HOWARD, MSB #103256
MCDUFF & BYRD
767 North Congress Street
Jackson, MS 39202
(601) 259-8484
rbm@mcdufflaw.com
scb@mcdufflaw.com
jake@mcdufflaw.com

REILLY MORSE, MSB # 3505
BETH L. ORLANSKY, MSB # 3938
JOHN JOPLING, MSB # 3316
CHARLES O. LEE, MSB #99416
MISSISSIPPI CENTER FOR JUSTICE
P.O. Box 1023
Jackson, MS 39205-1023
(601) 352-2269
borlansky@mscenterforjustice.org

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which sent notification to all counsel who have entered their appearance in this matter.

This the 22nd day of June, 2016.

s/ Robert B. McDuff<br>
ROBERT B. MCDUFF